UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MITCHELL KLEIN,

        Plaintiff,

                                            Case No. 23-cv-1231-bhl

  v.

DENIS MCDONOUGH,

        Defendant.

## ORDER DENYING MOTION TO ELECTRONICALLY FILE

        On September 18, 2023, Plaintiff Mitchell Klein, proceeding without an attorney, filed a complaint against Defendant Denis McDonough, the Secretary for the Department of Veteran Affairs. (ECF No. 1.) Klein filed an amended complaint on December 12, 2023 in which he asserts claims for alleged violations of Title VII of the Civil Rights Act and the Rehabilitation Act of 1973. (ECF No. 6 at 3.) The Court has held several telephonic hearings as the parties attempt to complete discovery. (*See* ECF No. 16–18, 29–30, 36–37.) On February 5, 2025, Klein filed a motion seeking permission to file materials with the Court electronically. (ECF No. 42.)

        General Local Rule 5(a)(2) exempts *pro se* parties from the district's electronic filing requirements. The district's policies and procedures regarding e-filing further provide that *pro se* parties "cannot file electronically unless authorized by the court." United States District Court for the E.D. Wis. Electronic Case Filing Policies and Procedures Manual, Section I(a)(1), available at https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures#In%20General. This policy exists to spare the Court Clerk and her busy staff the burden of educating and correcting *pro se* filers, who are not regular users of the Court's electronic filing system. The Court does not grant self-represented parties leave to file electronically absent extraordinary circumstances. *See Hobbs v. Willis*, No. 11-cv-467-pp, 2022 WL 1692062, at *2 (E.D. Wis. May 26, 2022).

        Klein offers a number of complaints to justify his request for electronic filing privileges. He argues he has received minimal notice of docket filings due to mailing delays and cites a handful of examples. First, he notes that on April 8, 2024 the Court changed the time for the

scheduling conference from 9:00 a.m. to 2:00 p.m., but he did not receive the mailed notice of the changed time until April 13, 2024. (ECF No. 42 at 2–3.) Second, he points to the parties' Joint Rule 26(f) report, which was due on April 4, 2024, but which he was unable to timely file because the parties did not agree upon the report until after 5:00 p.m. (*Id.* at 3.) Third, Klein cites the Court's November 29, 2023 order, granting him permission to amend his complaint and giving him until December 13, 2024 to file any amendment. (*Id.*) Because he did not receive the order in the mail until the afternoon of December 11, 2023, he complains he was left with only "1.5 days" to revise and resubmit his complaint. (*Id.*) He also expresses frustration over his continued "uncertainty" over whether the Court has received his filings. (*Id.*) Finally, he complains that mail is not as reliable as electronic filing and that his opposing counsel, who is required to e-file, unfairly receives more time to prepare responses to materials he receives. (*Id.*)

      While the Court is sympathetic to any mailing delays Klein has suffered, these issues do not rise to the level of extraordinary circumstances. Most of his complaints are things that all *pro se* litigants must deal with. Most importantly, none have prejudiced his ability to litigate his claims. As for the late notice of the change to the start time of the scheduling conference, Klein admits he called in at 9:00 a.m. and was informed of the change in time by the Court's Deputy Clerk. (*Id.* at 2–3.) He was then able to appear at the appropriate time and was able to provide input into the final schedule. The Court also notes that it likely would not have proceeded in his absence if he had told the clerk that he had a conflict with the changed time. As for the parties' joint Rule 26(f) Report, Klein concedes that opposing counsel was able to timely file the report, and, thus, he was not prejudiced in any way. As to the order giving him fourteen days to amend, if Klein ever feels he does not have enough time to comply with a deadline, whether because of mail delays or any other reason, he is perfectly able to ask the Court for more time by motion. If he has a good reason for needing more time, including because of mail delays, the Court is highly likely to grant him an extension. Turning to Klein's "continual uncertainty," the Court notes that the United States Postal Office is relatively reliable, and that Klein is only sending documents from Mequon, Wisconsin to Milwaukee, Wisconsin. For mail to go missing is rare and if it happens Klein can alert the Court, which has ample authority to grant relief and protect Klein's rights. The Court also notes that if Klein has concerns over the Court's receipt of a specific filing, he may call or email opposing counsel or the Court's clerk, both of whom should be able to confirm receipt of his filing.

Klein also complains about the additional expense of postage, as well as the "extra work" put in by the Court's Deputy Clerk, postal workers, the Court, and the Plaintiff. (ECF No. 42 at 4.) While there are costs associated with printing and mailing documents, these are hardly substantial costs. Moreover, Klein can recover those costs from McDonough if he prevails. While the Court appreciates Klein's concern for the "extra work" it and its staff do to handle mailed filings, it assures Klein that it is well-versed in handling *pro se* filings and that the rule is meant to lessen the burden on it, not enhance it. And the Court doubts that postal workers, whose very jobs depend on people using the mail, are overburdened or upset by his mailed filings. While the Court sympathizes with the struggles Klein presented, he has not relayed any hardship that is not experienced by all *pro se* filers, and therefore has not established extraordinary circumstances. The Court will therefore deny his motion for e-filing privileges at this time. Accordingly,

**IT IS HEREBY ORDERED** that Klein's motion for electronic filing privileges, ECF No. 42, is **DENIED**.

Dated at Milwaukee, Wisconsin on February 10, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge