UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MITCHELL KLEIN,

        Plaintiff,

        v.

Case No. 23-cv-1231-bhl

DOUGLAS COLLINS, Secretary for
the Department of Veteran Affairs

        Defendant.

## ORDER

      Plaintiff Mitchell Klein is pursuing claims against Defendant Douglas Collins,[1] the Secretary for the Department of Veteran Affairs (VA), based on allegations that Klein was the victim of unlawful retaliation and subjected to a hostile work environment as a VA radiologist due to a disability in violation of Title VII of the Civil Rights Act and the Rehabilitation Act of 1973. (ECF No. 6 at 3.) Pursuant to the Court's original April 11, 2024 Scheduling Order, discovery should have closed on November 7, 2024. (ECF No. 18.) The normal progression of the case has been sidetracked, however, by ongoing discovery disputes, including issues raised in Klein's September 30, 2025 motion to compel. (ECF No. 22.) The Court has devoted multiple hearings and issued multiple rulings aimed at narrowing the parties' discovery disputes. (ECF Nos. 29, 30, 36, 37, 45, 46, 48, 49.) At a February 28, 2025 telephone hearing, the Court resolved most of the pending issues and reset the discovery deadline for May 30, 2025. (ECF Nos. 48 & 49.) The Court also directed the parties to meet and confer to resolve a single outstanding issue and to file a *joint* status report on those efforts by March 7, 2025. (ECF No. 49 at 4.) The outstanding issue involves the wording of a stipulation, which the parties indicated they could agree upon without Court involvement. (*Id.* at 3.) The Court emphasized that the status report should be filed jointly, not separately. (*Id.* at 1.)

---

[1] While the complaint asserts claims against Denis McDonough, the then-Secretary for the Department of Veteran Affairs, Douglas Collins has since taken over the position. Accordingly, he is automatically substituted as the Defendant pursuant to Fed. R. Civ. P. 25(d).

Despite the Court's order, on March 7, 2025, Defendant filed a status report that was not joined by Klein. (ECF No. 50.) The report indicates that the parties are still unable to resolve their discovery dispute; the parties disagree on the language of the stipulation and the Defendant desires that the stipulation be labeled confidential. (*Id.*; ECF No. 50-2 at 1.) Given the parties' failure to resolve the only outstanding issue and their failure to comply with the Court's directive, on March 20, 2025, the Court set an in-person status conference for April 23, 2025. (ECF No. 53.)

Since the in-person hearing was set, Klein has filed three motions. On March 27, 2025, Klein filed a motion for sanctions. (ECF No. 54.) On April 1, 2025, Klein filed another motion to compel. (ECF No. 59.) And, on April 3, 2025, Klein filed a motion asking for reasonable accommodations at the April 23 hearing. (ECF No. 62.)[2]

Under the Local Rules, briefing on the motion for sanctions and motion to compel would not be completed by the time of the April 23 hearing. *See* Civ. L. R. 7(b)–(c). The Court will therefore adjust the briefing dates on both motions to ensure that they can be presented and hopefully resolved at the hearing. With respect to the motion for sanctions, the Court will move up the deadline for Klein to file his reply brief and order that it be filed on or before **April 21, 2025**. With respect to Klein's latest motion to compel, the Court will order Defendant to file his response brief on or before **April 17, 2025** and Klein to file his reply brief on or before **April 21, 2025**. Klein may submit a single consolidated brief addressing both motions if he chooses.

The Court will grant Klein's motion for reasonable accommodations at the in-person hearing. In his motion, Klein asks the Court to provide him an electric height adjustable desk and step stool, or the equivalent, to accommodate his need to regularly alternate between sitting, standing, and leaning. (*Id.* at 2.) The Court's staff will endeavor to ensure that Klein can address the Court notwithstanding his physical challenges. More specifically, the Court will provide Klein with an adjustable lectern and allow him to address the Court in alternate positions: seated at counsel table, standing at the lectern next to the table, or leaning on the lectern.

Accordingly,

**IT IS HEREBY ORDERED** that Klein's optional reply brief to his pending motion for sanctions, ECF No. 54, is due on or before **April 21, 2025**.

---

[2] On July 11, 2024, Klein filed a request for reasonable accommodations. (ECF No. 19.) In it, he requested an electric height adjustable desk and step stool for all in-person appearances so he could alternate between sitting, standing, and leaning. (*Id.*) The Court denied the request without prejudice on August 20, 2024 because there were no in-person hearings scheduled at the time. (ECF No. 20.)

**IT IS FURTHER ORDERED** that Defendant's response brief to the pending motion to compel, ECF No. 59, is due on or before **April 17, 2025**. Klein's optional reply is due on or before **April 21, 2025**.

**IT IS FURTHER ORDERED** that Klein's motion for reasonable accommodations, ECF No. 62, is **GRANTED**.

Dated at Milwaukee, Wisconsin on April 10, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge