MITCHELL KLEIN,

        Plaintiff,

                                                      Case No. 23-cv-1231-bhl

    v.

DOUGLAS COLLINS, Secretary for
the Department of Veteran Affairs

        Defendant.

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

      Plaintiff Mitchell Klein claims that his employer, the Department of Veteran Affairs (VA), sued through its Secretary, Defendant Douglas Collins, discriminated against him based on a disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, and the Rehabilitation Act of 1973, 29 U.S.C. §794. Klein asserts retaliation and hostile work environment claims against the VA under both statutory regimes. He also claims that the violations continue. After multiple discovery disputes and a failed mediation, the parties have filed cross-motions for summary judgment. Having parsed through the parties' filings, the Court will grant Defendant's motion in part but otherwise deny relief. Klein's Title VII claims fail because Title VII does not provide a remedy for disability discrimination. The Court will deny both sides' motions as to Klein's Rehabilitation Act claims, however, because neither Klein nor the VA has marshalled sufficient undisputed evidence to allow for resolution of those claims as a matter of law.

## FACTUAL BACKGROUND

      Klein is a resident of Milwaukee, Wisconsin, and has been, at all times relevant, an employee of the VA. (ECF No. 10 ¶¶13–14.) Douglas Collins is the current Secretary for the VA. (*Id.* ¶15; *see also* ECF No. 63 at 1 n.1 (explaining that Douglas Collins was automatically substituted as the Defendant pursuant to Fed. R. Civ. P. 25(d).)

      Klein has been employed with the VA as a part-time radiologist since February 22, 2015. (ECF No. 105 ¶1a.) His initial employment as a part-time radiologist was contracted for 40 hours

per bi-weekly pay period, although he now works 50 hours per bi-weekly pay period. (*Id.* ¶¶1a–b, 5a–5b.) Until May 2020, Klein's immediate supervisor was Agrahara Bharatkumar ("Kumar"), the Division Manager of the Medical Imaging Department. (*Id.* ¶3a.) Following Kumar's departure, Klein was supervised by Micheal Erdmann, Keith Wenning, John Hayes, and Matthew Scheidt. (*Id.* ¶3b)

In October 2016, Klein claimed to have suffered a work-related injury to his back and requested a reasonable accommodation from the VA. (*Id.* ¶2a; ECF No. 88-11 at 11.) On April 10, 2018, he filed an Equal Employment Opportunity Commission (EEOC) charge regarding his accommodation request. (ECF No. 105 ¶2a.) Over the course of that investigation, Klein's medical provider explained that Klein suffered from low back pain that required certain accommodations and estimated there was an 80% likelihood the problem would resolve within a year. (ECF No. 88-11 at 18–19.) At some point during the investigation, a list of "Radiologists with VA recognized disabilities" was provided, listing Klein as disabled. (ECF No. 104 ¶70; ECF No. 104-1 at 3.) In January 2020, Klein filed another EEOC charge alleging a violation of his privacy in connection with the disclosure of his medical information related to the previously requested accommodation. (ECF No. 105 at ¶2b.)

Beyond this basic chronology, the material facts underlying Klein's claims and the VA's defenses are unclear. Klein asserts that he has been retaliated against and subjected to a hostile work environment since 2016 after he requested accommodations and after he filed EEOC charges related to his accommodations request. In his amended complaint, the VA responded by:

- making defamatory statements about him, (ECF No. 6 ¶1);
- falsely accusing and threatening him with removal, (*id.* ¶¶2);
- providing him with an inequitable work schedule, (*id.* ¶¶3, 9–10);
- falsely charging him with being absent without leave, (*id.* ¶4);
- failing to answer his emails, (*id.* ¶5);
- altering his medical records, (*id.* ¶6);
- scheduling meetings to exclude him, (*id.* ¶7); and
- denying his leave requests, (*id.* ¶8); and
- taking cases away from him, (*id.* ¶11).

Klein maintains that each of these adverse actions was based on protected activity and his disability. (*Id.* at 1.)

Although this case is at summary judgment, and extensive discovery has taken place, neither party has provided the Court with a coherent narrative of the circumstances surrounding

Klein's many allegations. The parties have instead dumped dozens of email exchanges on the Court, largely without a satisfactory explanation for how the emails apply to the claims and defenses at issue. Both parties also use nonlinear timelines that jump back and forth between years, leaving the Court at a loss for how the evidence applies. The end result is that the Court has not been provided with an explanation of the basic "what, when, why, and how" of this case. Concluding that either side is entitled to summary judgment is thus nearly impossible.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" if, under the governing law, it could influence the outcome of the lawsuit. *Id.* at 248; *Contreras v. City of Chicago*, 119 F.3d 1286, 1291–92 (7th Cir. 1997). A dispute over a material fact is "genuine" only if a reasonable trier of fact could find in favor of the non-moving party on the evidence presented. *Liberty Lobby*, 477 U.S. at 248.

The moving party bears the initial burden of proving the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. Upon such a showing, the burden shifts to the opposing party to "make a showing sufficient to establish the existence of an element essential to that party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (quoting *Celotex*, 477 U.S. at 322). This burden is not onerous, but the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (emphasis in original) (quoting Fed. R. Civ. P. 56(e)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

If the parties assert different characterizations of the facts, the Court must view the record in the light most favorable to the non-moving party. *EEOC v. Sears, Roebuck & Co.*, 233 F.3d

432, 437 (7th Cir. 2000). "Although we construe all facts and make all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021) (quoting *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020)).

## ANALYSIS

Klein asserts claims for retaliation and hostile work environment under both Title VII and the Rehabilitation Act. Both parties have moved for summary judgment on both legal theories under both statutes. (ECF Nos. 80 & 92.) Only Klein's claims under Title VII can be resolved based on the current record. Those claims fail as a matter of law because, confused evidence aside, Title VII simply does not apply to the disability discrimination that Klein claims to have suffered. Accordingly, the Court will grant Defendant's motion as to Klein's Title VII claims. The balance of both parties' motions will be denied, and the case set for trial, because neither has established a right to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322–23.

**I.    Klein's Title VII Claims Fail as A Matter of Law.**

Klein invokes Title VII and claims he was subjected to a hostile work environment on the basis of a disability and then retaliated against for engaging in protected activity related to that disability. (ECF No. 6 at 3.) Under Title VII, an employer may not discriminate based on "race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a). Thus, to prevail on a claim under Title VII, a plaintiff must come forward with evidence that his or her employer took an adverse action on account of an employee's race, color, religion, sex, or national origin. *See Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018).

Defendant maintains that Klein has not alleged or come forward with affirmative evidence of any alleged discrimination based on his membership in a protected category. (ECF No. 81 at 14.) Defendant emphasizes that Klein's Title VII claims are based on contentions that he was subjected to discriminatory acts on the basis of disability, his having engaged protected activity related to that disability, and "reprisal" against him for engaging in protected activity. (*See* ECF No. 6 at 3.)

The Court agrees with Defendant. Klein's summary judgment materials mention his request for a reasonable accommodation and his filing of EEOC charges. (ECF No. 93 at 2, 11.) But Klein does not reference or point to any evidence that he ever suggested he was treated

differently based on his membership in any protected class. This defeats his attempt to sue under Title VII. *See Sitar v. Ind. Dept. of Transp.*, 344 F.3d 720, 727 (7th Cir. 2003).

In his opposition brief, Klein argues that the EEOC enforces Title VII, which prohibits employers from punishing employees for protected activity, such as filing an EEOC charge. (ECF No. 102 at 10–11.) Klein is correct that the EEOC enforces Title VII, but he is confused on what civil claims Title VII permits. The EEOC's enforcement of Title VII does not necessarily mean that Klein is entitled to invoke it. To proceed with a Title VII claim, the discrimination must have been based on Klein's membership in a protected class. *See Sitar*, 344 F.3d at 727 (affirming summary judgment when the "complaint did not invoke any action protected by Title VII."). That is not the case with respect to Klein's claims in this lawsuit. Accordingly, Klein's retaliation and hostile work environment claims fail to the extent they are based on Title VII.

II. **Neither Party Is Entitled to Summary Judgment on Klein's Rehabilitation Act Claims.**

Klein also sues under the Rehabilitation Act, which, unlike Title VII, provides a civil remedy for disability discrimination. *See* 29 U.S.C. §794(a). Klein's Rehabilitation Act claim is premised on his assertion that he was retaliated against for engaging in protected activity related to a disability and subjected to a hostile work environment on the basis of that disability. (ECF No. 6 at 3.) He alleges that the VA: (1) made defamatory statements about him; (2) falsely accused and threatened him with removal; (3) provided him an inequitable working schedule; (4) falsely charged him with being absent without leave; (5) failed to answer his emails; (6) altered his medical records; (7) scheduled meetings to exclude him; (8) denied his leave requests; and (9) took cases away from him. (*Id.* at 1–2.) Because the Court is unable to conclude that the undisputed facts entitle either party to prevail, both parties' motions for summary judgment will be denied and the case set for trial on Klein's Rehabilitation Act claims.

A. **The Court Cannot Resolve Klein's Rehabilitation Act Retaliation Claim as a Matter of Law.**

To prevail on his retaliation claim under the Rehabilitation Act, Klein must prove that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse action by his employer; and (3) there is a causal link between the protected expression and the adverse action. *Fuller v. McDonough*, 84 F.4th 686, 690 (7th Cir. 2023). Defendant contends that he is entitled to summary judgment because Klein cannot prove the second and third elements of his retaliation claim. (ECF No. 81 at 22–24.)

With respect to the second element, Defendant argues that none of the actions that Klein complains about qualify as an "adverse action." (*Id.*) For purposes of a retaliation claim, an adverse action is one that dissuades a reasonable worker from participating in protected activity. *Lesiv v. Ill. Cent. R.R. Co.*, 39 F.4th 903, 911–12 (7th Cir. 2022) (citation omitted); *see also Fuller*, 84 F.4th at 690 (providing that Title VII and Rehabilitation Act retaliation claims are established the same way). Adverse actions must be material in that they "significantly alter[] the terms and conditions of the employee's job." *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004). Actions that result in a "tangible job consequence"—like a low performance rating or a pay cut—are materially adverse. *See Scaife v. U.S. Dep't of Veteran Affairs*, 49 F.4th 1109, 1119 (7th Cir. 2022). But material adverse actions may also be smaller: false disciplinary reports, mistreatment, and the denial of time off can also sometimes qualify. *See Huri v. Office of Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015). "All it takes" is an action that would "cause a reasonable worker to think twice" before "complaining about discrimination." *Id.* At the same time, "trivial harms" and "petty slights or minor annoyances that often take place at work and that all employees experience" are not materially adverse. *Burlington N. & Santa Fe R.R. Co.*, 548 U.S. 53, 68 (2006); *see also Griffin*, 356 F.3d at 829 ("An adverse action . . . [is] not merely an inconvenience or a change in job responsibilities."). Whether a reasonable jury could find that a particular action constitutes an adverse employment action is therefore highly fact dependent. While summary judgment can sometimes nevertheless be appropriate, as the Seventh Circuit has recognized, "[c]ontext is often key." *Lesiv*, 39 F.4th at 912.

Defendant's effort to secure summary judgment on this issue fails because Defendant has not demonstrated that no reasonable jury could find that the adverse consequences Klein claims to have experienced were not materially adverse. Indeed, Defendant's briefing offers a very limited picture of the relevant context in which Klein's complaints arose. Thus, while Defendant argues that Klein's adverse actions are insufficient as a matter of law, Defendant does not explain *why* the Court should or can make this determination. (*See* ECF No. 81 at 23–24.) The Court acknowledges that this issue can sometimes be resolved at summary judgment, but only in situations where the facts can be reasonably interpreted solely in the moving party's favor. Here, neither party has offered an understandable and compelling explication of the factual context in this case sufficient for the Court to rule on this issue. Without compelling and undisputed evidence explaining the context of this case, the Court cannot make such a ruling. Indeed, this case is like

the situation in *Huri*, in which the Seventh Circuit reversed a district court's dismissal of discrimination claims, explaining that a plaintiff's allegations of "screaming, false disciplinary reports, mistreatment of [the plaintiff's] daughter, exclusion from social functions, and denial of time off" could be adverse actions. 804 F.3d at 833. Klein's allegations are similar. Accordingly, the Court cannot rule as a matter of law that the actions Klein seizes upon are not adverse actions.

Defendant also argues that Klein's retaliation claim fails because he has no evidence of causation since Klein "is unable to demonstrate that he suffered any adverse employment action[.]" (ECF No. 81 at 24.) But, as just explained, the Court cannot rule that Klein did not suffer an adverse employment action, and thus Defendant's causation argument also fails at summary judgment.

Klein also seeks entry of summary judgment in his favor on this claim. (ECF Nos. 92 & 93.) As with Defendant's summary judgment motion, the Court cannot conclude as a matter of undisputed fact that Klein's claims are meritorious, making summary judgment inappropriate. *See Celotex Corp.*, 477 U.S. at 322–23. That Defendant has failed to establish that no reasonable jury could rule in Klein's favor on whether he suffered an adverse employment action or whether that adverse action was caused by Klein's protected activity does not mean that a reasonable jury necessarily would find in Klein's favor. *See Igasaki v. Ill. Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 959–60 (7th Cir. 2021) ("[T]he question for a retaliation claim should always be: 'Does the record contain sufficient evidence to permit a reasonable fact finder to conclude that retaliatory motive caused the discharge?'") (citation omitted). Accordingly, Klein's motion for summary judgment as to his retaliation claim will be denied too.

### B. The Court Cannot Resolve Klein's Hostile Work Environment Claim Under the Rehabilitation Act on Summary Judgment.

Klein also alleges that the same conduct he considers to be adverse employment actions also created an unlawful hostile work environment under the Rehabilitation Act. (ECF No. 6 at 3.) To survive summary judgment, Klein must produce sufficient evidence to allow a jury to find: (1) he was subject to unwelcome harassment; (2) the harassment was based on his disability; (3) the harassment was "so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment;" and (4) there is a basis for Defendant's liability. *See Ford v. Marion Cty. Sheriff's Off.*, 942 F.3d 839, 856 (7th Cir. 2019) (citing *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 900 (7th Cir. 2018)); *see also Mannie v. Potter*, 394 F.3d

977, 982 (7th Cir. 2005) (applying the same standard for a hostile work environment claim under Title VII to a hostile work environment claim under the Rehabilitation Act). Not all workplace unpleasantness suffices to create a statutory violation. The conduct must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 982 (7th Cir. 2014) (citations omitted).

Defendant first argues that Klein's hostile work environment claim fails because there is insufficient evidence to support a finding that Klein has a disability. (ECF No. 81 at 27.) Defendant argues that the only medical evidence in the record is that Klein has a temporary back injury, which, Defendant contends, is insufficient to qualify Klein as disabled under the Rehabilitation Act. (*Id.* at 27–28.) Under the Rehabilitation Act, an "individual with a disability" is one who (1) has a physical or mental impairment that results in a substantial impediment to employment and can benefit in terms of an employment outcome from vocational rehabilitation services; (2) has a physical or mental impairment that substantially limits one or more major life activities; (3) has a record of such an impairment; or (4) is regarded as have such an impairment. 29 U.S.C. §705(20)(A)–(B); *see also* 42 U.S.C. §12102(1). The Rehabilitation Act requires an individualized inquiry into Klein's condition to determine if he qualifies as disabled. *See Branham v. Snow*, 392 F.3d 896, 903 (7th Cir. 2004).

In response, Klein insists that he has "provided medical documentation to the VA sufficient" to be recognized as disabled. (ECF No. 102 at 13). He also relies upon a list of "Radiologists with VA recognized disabilities," which indicates that the VA considered him to be disabled. (ECF No. 104 ¶70; ECF No. 104-1 at 3.) Klein's allegations appear to at least raise a question of fact as to whether he is disabled within the meaning of the Rehabilitation Act. *See* 29 U.S.C. §705(20)(B); *see also* 42 U.S.C. §12102(1)(C), (3). Defendant offers no reply to Klein's evidence and appears to have abandoned this argument. (*See* ECF No. 108 at 10–11.) Given the unrebutted evidence, the Court presumes (for purposes of the pending motions only) that Klein is disabled for purposes of his hostile work environment claim.

Defendant also argues that Klein's claim fails as a matter of law because he has not come forward with sufficient evidence to support a jury finding that he was subjected to unwelcome harassment so severe and pervasive that it altered the conditions of his employment. (ECF No. 81 at 28.) To satisfy this element, a plaintiff must show that the workplace was "so pervaded by

discrimination that the terms and conditions of employment [a]re altered." *Vance v. Ball State Univ.*, 570 U.S. 421, 427 (2013). In making this determination, the Court considers the conduct's frequency; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Alamo v. Bliss*, 864 F.3d 541, 549–50 (7th Cir. 2017) (quoting *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 23 (1993)). The behavior need not make the workplace "hellish," but must be extreme— "[o]ffhand comments, isolated incidents, and simple teasing do not rise to the level of conduct that alters the terms and conditions of employment." *Jackson v. County of Racine*, 474 F.3d 493, 500 (7th Cir. 2007); *Passananti v. Cook Cnty.*, 689 F.3d 655, 667 (7th Cir. 2012). The events complained of must be considered in totality. *Alamo*, 864 F.3d at 551 (citing *Harris*, 510 U.S. at 23). "Whether [the] harassment [is] so severe or pervasive as to constitute a hostile work environment is generally a question of fact for the jury." *Johnson*, 892 F.3d at 901.

Defendant insists that the record is insufficient to support a finding of a hostile workplace. Defendant argues that the VA has not fired Klein, reassigned his job responsibilities, or changed his benefits, and Klein's case therefore "fall[s] short of the severe and pervasive nature required" to win a hostile work environment case. (ECF No. 81 at 29.) This argument fails because Defendant misunderstands the relevant standard. Klein is not required to show that conditions resulted in him being fired, being reassigned, or having his benefits changed. He must simply come forward with sufficient evidence for a jury to find that his employer created a work environment "so severe or pervasive as to alter the conditions of employment[.]" *See Ford*, 942 F.3d at 856. Given the competing evidence, this is a fact issue for the jury to resolve.

Defendant maintains that for Klein to win, he must point to "a tangible employment action," and that tangible employment actions are "significant change[s] in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." (ECF No. 81 at 29 (quoting *Wolf v. N.W. Ind. Symphony Soc'y*, 250 F.3d 1136, 1142 (7th Cir. 2001)). Defendant misreads the case law. In *Wolf*, the Seventh Circuit noted that an employer is subject to vicarious liability when an employee is subjected to a hostile work environment by a supervisor. 250 F.3d at 1142 (citations omitted). But, if "no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages[.]" *Id.* (quoting (*Faragher v. City of Boca Raton*, 524 U.S. 775, 807–08 (1999)). Thus, absent a tangible action, an employer can defend a hostile work

environment claim by showing (1) that it exercised reasonable care to prevent and correct the harassment; and (2) that the plaintiff failed to take advantage of the preventative and corrective opportunities provided. *Id.* (quoting *Molnar v. Booth*, 229 F.3d 593, 600 (7th Cir. 2000)). This affirmative defense does not appear to be at issue. Defendant is not defending by arguing that the VA exercised reasonable care to prevent and correct the alleged harassment and that Klein failed to take advantage of those preventative and corrective measures. Accordingly, the "tangible employment action," which determines whether the affirmative defense can be raised, is irrelevant to this case.

In the end, this claim remains subject to factual disputes that must be resolved by a jury. Accordingly, both Defendant's and Klein's motions for summary judgment on the Rehabilitation Act hostile work environment claim will be denied.

### C. Defendant Has Not Shown He Is Entitled To Summary Judgment For Klein's Claim that Retaliation and Hostile Work Environment Are Ongoing.

Klein alleges that the VA continues to violate the Rehabilitation Act by retaliating against him and maintaining a hostile work environment. (ECF No. 6 at 3.) Defendant seeks to preclude Klein from asserting that the mistreatment continues, arguing that Klein needs to administratively exhaust his claims of ongoing violations. (ECF No. 81 at 14–16.)

Before bringing a Rehabilitation Act claim in federal court, a plaintiff must exhaust his administrative remedies by filing charges with the EEOC and receive a right to sue letter. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019); *see also McHale v. McDonough*, 41 F.4th 866, 869 (7th Cir. 2022) (explaining that the Rehabilitation Act has the same exhaustion requirements as Title VII). Klein filed EEOC charges in April 2018 and January 2020, and the then-District Manager (Kumar) left the VA on May 5, 2020. (ECF No. 105 ¶¶2a–3a.) Defendant maintains that Klein's EEOC charges concern Kumar, not his subsequent supervisors, and that if Klein has complaints about subsequent supervisors, he must file a new EEOC charge. (ECF No. 81 at 14–16.) In response, Klein maintains that his subsequent supervisors continue to retaliate against him and subject him to a hostile work environment. (ECF No. 102 at 8–9.)

A claim of ongoing mistreatment is dependent on Klein's underlying claims. Klein may pursue his contention that his claims continue only if the continuing violations are "like or reasonably related" to his EEOC charges. *See Chaidez*, 937 F.3d at 1004. Claims are "like or reasonably related" when (1) there is a "reasonable relationship" between the EEOC charge and

the federal lawsuit and (2) the federal complaint can "reasonably be expected to grow" out of the EEOC investigation. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). It is difficult to see how a claim that discrimination continues is not reasonably related to the overall discrimination claim.

Defendant seizes upon language from *Cheek*, which noted that the EEOC charge and the federal complaint "must, at a minimum, describe the *same conduct* and implicate the *same individual*," to argue that Klein cannot pursue claims of ongoing discrimination. (ECF No. 81 at 14–16 (citing *Chaidez*, 937 F.3d at 1004 (quoting *Cheek*, 31 F.3d at 501 (emphasis in original))).) But Defendant takes *Cheek* out of context. There, the plaintiff's federal complaint maintained that her *district* manager assigned female employees to unprofitable sales routes, but her EEOC charge maintained that her *staff* manager required her (and not her male counterparts) to pay client insurance premiums. *Cheek*, 31 F.3d at 500, 502. The Seventh Circuit noted that the charge was unrelated to the claim in at least two ways: the type of discriminatory conduct and the identity of the individuals. *Id.* at 501. This case is factually distinct. Klein's EEOC charge names Kumar, his then-immediate supervisor, as the one who retaliated against him and subjected him to a hostile work environment. (ECF No. 94-1 at 39.) While Kumar has since left the VA, Klein maintains that his subsequent supervisors have subjected him to the same unlawful practices. (*See* ECF No. 6 at 1–2.) Defendant does not cite any analogous case where a plaintiff was allowed to pursue a claim for past discrimination, but not continuing discrimination, just because the initial supervisor left.

Moreover, the Seventh Circuit has held that "individuals" within the meaning of *Cheek* are not limited to a specific person. *See Chaidez*, 937 F.3d at 1005 ("[T]he only persons implicated in the charges were Ford [Motor Company] and [a specific Ford employee]."). Thus, the "individuals" implicated by Klein's EEOC charge may be Kumar *and* Klein's subsequent immediate supervisors. Accordingly, if there is evidence that Klein's subsequent supervisors continue to retaliate against him and subject him to a hostile work environment, Klein may present that evidence at trial.

### III. Klein Cannot Pursue An Unpleaded Claim for Failure to Promote.

Defendant also notes that, at some point during discovery, Klein indicated that he wished to pursue a failure to promote claim. (ECF No. 81 at 17–19.) Defendant objects to this, arguing

that the complaint never put him on notice of Klein's claim. (*Id.*) In response, Klein points to evidence that he believes supports his failure to promote claim. (ECF No. 102 at 11.)

Defendant is correct that Klein's amended complaint does not allege a claim based on any failure to promote him. (*See* ECF No. 6.) While the Court has discretion to interpret new factual allegations or claims presented in a brief as a constructive motion to amend, *Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 488 (7th Cir. 2023), it declines to do so here. As a basic matter, it is generally impermissible to present a new claim at summary judgment. *See id.* at 488–89. Doing so unfairly prejudices a defendant's ability to take discovery on that claim and can change the nature and potential exposure of a lawsuit. In these circumstances, the Court will not permit Klein to pursue a brand-new claim at this stage of litigation. This case has been pending since September 2023, (*see* ECF No. 1), and although Klein filed an amended complaint on December 12, 2023, (ECF No. 6), he never requested leave to file a second amended complaint during the elongated course of discovery. Accordingly, any constructive motion to amend is denied.

## CONCLUSION

For the above reasons, Klein may only proceed with his claims for retaliation and hostile work environment under the Rehabilitation Act.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 80, is **GRANTED in part** and **DENIED in part**. Klein's Title VII claims are **DISMISSED**, and Klein cannot pursue a failure to promote claim. The motion is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that Klein's Motion for Summary Judgment, ECF No. 92, is **DENIED**.

Dated at Milwaukee, Wisconsin on February 20, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge