MITCHELL KLEIN,

                Plaintiff,

                                 Case No. 23-cv-1231-bhl

     v.

DOUGLAS COLLINS, Secretary for
the Department of Veteran Affairs

                Defendant.

## ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION

Plaintiff Mitchell Klein is proceeding to trial on claims that his employer, the Department of Veteran Affairs (VA), discriminated against him based on a disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. §794. (ECF No. 118.) He alleges that the VA subjected him to a hostile work environment and retaliated against him when it: (1) made defamatory statements about him; (2) falsely accused and threatened him with removal; (3) provided him an inequitable working schedule; (4) falsely charged him with being absent without leave; (5) failed to answer his emails; (6) altered his medical records; (7) scheduled meetings to exclude him; (8) denied his leave requests; and (9) took cases away from him. (ECF No. 6 at 1–2.) The Court explained in its February 20, 2026 Summary Judgment Order that Klein's retaliation and hostile work environment claims could not be resolved based on the parties' submissions at summary judgment. (ECF No. 118 at 5–10.) The Court did, however, bar Klein from pursuing an unpleaded claim for failure to promote. (*Id.* at 11–12.) The Order made no ruling about the damages available to Klein. (*See generally id.*)

On April 29, 2026, Klein filed a motion for clarification. (ECF Nos. 126 & 127.) He explains that his retaliation and hostile work environment claims include allegations of inequitable work hours and that he wishes to seek damages for backpay arising from these inequitable work hours. (ECF No. 127 at 7.) He asks the Court to clarify if the Order denying his failure to promote claim precludes his ability to calculate estimated damages for backpay using the difference

between the hours per pay period of Klein compared to other employees.  (*Id.* at 8.)  In response, Defendant characterizes Klein's motion as one to reconsider, insists that Klein cannot recover backpay, and maintains that Klein's calculations are incorrect.  (ECF No. 131 at 4–8.)

The Court is confused by Defendant's response to Klein's latest motion.  By its plain terms, Klein's request is not a motion to reconsider.  He seeks clarification on his available damages, and, as discussed above, the Court made no ruling on damages at summary judgment.  It does not appear that Klein is asking the Court to reconsider anything.

With respect to Klein's request for clarification, the remedies available to him for any violations of the Rehabilitation Act are the same as those available under the Americans with Disabilities Act.  *See Barnes v. Gorman*, 536 U.S. 181, 184–85 (2002).  Accordingly, if Klein obtains a favorable verdict on his claim, he "is presumptively entitled to backpay." *Stragapede v. City of Evanston, Ill.*, 865 F.3d 861, 868 (7th Cir. 2017).  Any ruling on the specific amounts Klein might recover would be premature at this point, but the law is clear that backpay is a possible remedy.

Defendant appears to believe that, because Klein is still employed at the VA, he cannot recover backpay.  (*See* ECF No. 131 at 6–8.)  Defendant cites *Hertzberg v. SRAM Corp.*, 261 F.3d 651, 659 (7th Cir. 2001) and argues that "back pay and front pay may not be recovered in the absence of a finding of discriminatory discharge."  (*Id.* at 6.)  *Hertzberg* does not apply here, given that Klein remains employed at the VA.  In *Hertzberg*, a former employee sought backpay based on claims of discrimination, and the Seventh Circuit held that "[a] victim of discrimination *that leaves his or her employment* as a result of the discrimination must show either an actual or constructive discharge in order to receive" backpay.  *Hertzberg*, 261 F.3d at 659 (emphasis added). This holding does not apply here because Klein has not left his employment at the VA.  Indeed, the Seventh Circuit has confirmed that *Hertzberg* should not be read as broadly as Defendant proposes.  *See EEOC v. Costco Wholesale Corp.*, 903 F.3d 618, 628–29 (7th Cir. 2018) ("*Hertzberg* does not address whether a plaintiff can recover backpay if she does not leave her employment.").  A plaintiff *can* receive backpay even if he or she is not terminated.  *Townsend v. Indiana University*, 995 F.2d 691, 693 (7th Cir. 1993) (holding that a plaintiff could seek backpay for lost wages while on unpaid leave that sexual harassment had forced her to take); *Costco Wholesale*, 903 F.3d at 629 (confirming that *Townsend* is still good law).  Under this precedent, if

Klein can convince a jury that he was assigned inequitable working hours based on his disability, then he may be entitled to backpay for unassigned hours.

The Court will not, at this point, address Klein's proposed calculations for backpay, because this issue is premature. If Klein wins on his claims, he must then "submit evidence to support his calculation of backpay, and the burden then 'shifts to the defendant to show that [Klein] failed to mitigate damages or that damages were in fact less than [he] asserts.'" *See Stragapede*, 865 F.3d at 868 (internal citation omitted) (quoting *Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994)); *see also Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500–01 (7th Cir. 2000) (providing that backpay is an equitable remedy for the Court, not the jury, to determine). Klein has yet to achieve a verdict in his favor. Accordingly, he need not produce anything at this point, the burden has not yet shifted to Defendant, and this issue is therefore not ripe for adjudication. *See Mathis v. Metro. Life Ins. Co.*, 12 F.4th 658, 664 (7th Cir. 2021) (internal quotations omitted) ("A case is not ripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts.").

Accordingly,

**IT IS HEREBY ORDERED** that Klein's Motion for Clarification, ECF No. 126, is **GRANTED**. The Court's Summary Judgment Order, ECF No. 118, has no impact on Klein's efforts to recover backpay for his claims.

Dated at Milwaukee, Wisconsin on May 22, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge